# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION
### CIVIL ACTION NO.

| | | |
|---|---|---|
| LETTY GILLIAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | **C O M P L A I N T** |
| | ) | |
| v. | ) | JURY TRIAL DEMAND |
| | ) | |
| WAKE COUNTY DETENTION CENTER, | ) | |
| WAKE COUNTY BOARD OF | ) | |
| COMMISSIONERS,et. Al | ) | |
| | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

NOW COMES Plaintiff, LETTY GILLIAM, by and through undersigned counsel, Jonathan Stillo, and complains against Defendants' Wake County Detention Center and Wake County Board of Commissioners, et al as follows:

## NATURE OF THE ACTION

Plaintiff brings this action against Defendants' for disability discrimination and retaliation in violation of the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008, 42 U.S.C. §§ 12101, et seq. (the "ADA" or the "ADAAA") for removing Plaintiff's status as a detention officer based on a workplace injury that resulted in a permanent work restriction disability that does not affect her ability to perform the essential functions of her job as a detention officer. Plaintiff seeks all available remedies including but not limited to, front pay, back pay, compensatory, punitive and/or liquidated damages pursuant to

federal and state law, as well as available equitable relief pursuant to 29 U.S.C. § 794a(a)(1), 42 U.S.C. § 2000e-5(f)-(k), and 42 U.S.C. § 1981a, or otherwise authorized pursuant to law.

## JURISDICTION AND VENUE

1. Jurisdiction of the Court is invoked pursuant to 28 U.S.C §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C § 12117 (a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C § 2000e-5(f)(1) and (3) and 2000e-6, and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C § 1981a.

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the claims for relief asserted herein arise under federal law, and under 28 U.S.C. § 1343(a)(4), as the claims herein seek relief under acts of Congress providing for the protection of civil rights.

3. This Court has personal jurisdiction over Defendant because it operates within Raleigh, North Carolina and within this District.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

5. Plaintiff, Letty Gilliam, is a person who resides in Lillington, North Carolina and is employed by Wake County Jail located at 3301 Hammond Rd, Raleigh, NC 27603. All allegations, issues, and events occurred at the jail or by the direction of the jail per her employment with the jail.

6. At all relevant times, all Defendants, who are North Carolina Government entities, were continuously doing business in the State of North Carolina and the City of Raleigh and has continuously had at least 15 employees.

7. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5). (7).

8. At all relevant times, Defendant has been covered entity under Section 101(2) of the ADA, 42 U.S.C. § 1211(2).

## FACTUAL ALLEGATIONS

9. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

10. Plaintiff began working with Wake County Sheriff's Office on November 28th 2007 as a probationary officer and worked her way up to a Master Detention Officer by 2011 and held this position until she was moved to Administrative Assistant on August 5th, 2022. She was known to show up for work early and leave late, often work overtime and holidays, and be a reliable detention officer.

11. On October 23rd, 2020, Plaintiff was injured at work resulting in an injury to her left wrist and shoulder. Wake County Sheriff's Office provided treatment for her workplace injury that was filed with the North Carolina Industrial Commission.

12. North Carolina General Statutes allow the Employer to choose the Physician, not the employee. In the case of a second opinion, the employer must agree with the physician or the Industrial Commission will choose the doctor if no agreement is made between employer and

employee. Thus, the employer has exclusive right on choosing the authorized physician and the employee does not have such an advantage.

13. Wake County is self-insured for their Workers Compensation Policy protecting their almost 4,500 employees. Upon information and belief, most injured workers are sent to Emerge Ortho by Wake County when injured on the job.

14. Letty Gilliam was sent to Dr. Bowman for treatment and surgery for a torn rotator cuff. Plaintiff received surgery by Dr. Bowman on May 7, 2021 repairing her torn rotator cuff. After her injury but prior to her surgery, Plaintiff recertified as a detention officer.

15. After Surgery, on July 28th, she returned to her position as a detention officer in the control room under doctor orders. By September 28th, 2021, Plaintiff was allowed to have inmate contact with another officer present.

16. On December 1st 2021, Plaintiff was moved to full duty with no restrictions by Dr. Bowman. Within 7 months, Plaintiff went from rotator cuff surgery to no work restrictions as a detention officer with inmate contact.

17. On May 12, 2022, Dr. Bowman maintained his full duty with no restrictions and ordered an Functional Capacity Examination "FCE" but stated in notes that he feared the physician administering the FCE would place permanent restrictions on Plaintiff. Prior to this continuation of work restrictions, Plaintiff again successfully recertified the physical portion of a detention officer. She has recertified twice since her injury, once before surgery and once after surgery.

18. On June 02, 2022, Plaintiff undertook an FCE to determine if she can perform the essential functions of a detention officer. At this time she has already been full duty, amongst

inmates for over 6 months without issue. The results of her test concluded that she used maximum effort and could perform the essential functions of a detention officer.

19.     On July 6th, 2022, Plaintiff saw Dr. Bowman for the last time and he placed a permanent restriction of no overhead lifting above 10lbs. This is not an essential function of the position under their physical certification or their numerous job descriptions.

20.     On July 8th, 2022 Wake County Attorney Jennifer Jones indicated that Plaintiff had a permanent restriction and could not be a detention officer. Ms. Jones gave no specific reason nor began an interactive process to determine whether any reasonable accommodation could be given to allow Plaintiff to remain in her role as a detention officer.

21.     Plaintiff persistently requested to remain as a detention officer and requested a second opinion from her primary physician. However, Wake County made it clear that no other opinion would change their decision even if the opinion contradicted Dr. Bowman's restriction.

22.     For years, Wake County had treated similarly situated detention officers differently, and allowed accomodations, but not for Plaintiff.

23.     Plaintiff is not entitled to the same overtime opportunities in her role as administrative assistant versus her role as a detention officer.

24.     Plaintiff is not entitled to a raise as she would be entitled to if she were a detention officer.

25.     Plaintiff is not entitled to her full retirment benefits because of her change in posistion from detention officer to administrative assistant.

26.     Plaintiff has dealt with a lot of stress directly related to how she was treated in this situation resulting in severe depression.

## FIRST CLAIM FOR RELIEF- DISCRIMINATION (Disparate Treatment/Failure to Accommodate) In Violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 et seq. (ADAAA) and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 et seq. (Rehabilitation Act)

27. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

28. Plaintiff has a disability that is a protected activity that resulted in Wake County Sheriffs Office to discriminate against her, strip her of her title she worked over 15 years to obtain, and then force her to take a position as an administrative assistant.

29. Plaintiff offered many different accommodation requests including working in the control room where she spent a good deal of time working and was familiar with the processes, having another inmate with her (buddy system), having her promoted to a position that didn't involve as much inmate contact.

30. Furthermore, her work restriction of no overhead lifting didn't stop her from performing the essential functions of the position.

## SECOND CLAIM FOR RELIEF - RETALIATION In Violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 et seq. (ADAAA) and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 et seq. (Rehabilitation Act)

31. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

32. Plaintiff was stripped of her title as detention officer because she filed a workers compensation claim costing the county money. In order to save money, they conspired with the

authorized physician and each other to strip Plaintiff of her title, overtime opportunities, retirement benefits, as well as other emotional harm.

33. During this process Defendants' constantly threatened to fire her if she didn't take the position of administrative assistant.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discrimination against individuals because of their disabilities, including discrimination in hiring, firing, failing to provide reasonable accommodation to qualified individuals with disabilities, and any other employment practice which discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Friend Whole by providing appropriate back pay with prejudgment interest, in amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place hiring and front pay.

D. Order Defendant to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices describe above, in amounts to be determined at trial.

E. Order Defendant to make Plaintiff whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including

emotional suffering, inconvenience, humiliation, loss of enjoyment of life, loss of civil rights and other non-pecuniary losses pain, in amounts to be determined at trial.

      F.      Order Defendant to pay Plainti punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

      G.      Grant such further relief as the Court deems necessary and proper in the public interest.

      H.      Award the Commission its costs of this action.

JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised in its complaint.

This is the 3rd day of January, 2024

JONATHAN STILLO
The Law Office of J.W. Stillo, PLLC
4242 Six Forks Road, Suite 1550
Raleigh, NC 27609
Phone: (984)220-8270
Fax: (984)220-4301
JonStillo@JWStillo.com

**ATTORNEY FOR PLAINTIFF**