IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-cv-00008-BO-RJ

LETTY GILLIAM,
    Plaintiff,

v.

WAKE COUNTY DETENTION CENTER,
WAKE COUNTY BOARD OF
COMMISSIONERS, WAKE COUNTY
SHERIFF'S OFFICE, SHERIFF WILLIE
ROWE, GERALD BAKER, ROBERT J.
LANE, and JENNIFER JONES,
    Defendants.

ORDER

This matter is before the Court on Defendant Wake County Board of Commissioners' (WCBC) Motion to Dismiss [DE 20], Defendant Wake County Sheriff's Office's (WCSO) Motion to Dismiss [DE 22], and Plaintiff's Motion for Leave to File a Document [DE 24]. For the following reasons, Defendants' motions are granted, and Plaintiff's motion is denied.

## BACKGROUND

Plaintiff Gilliam was previously employed by the Wake County Sheriff's Office as a detention officer [DE 6 at 4]. On October 3, 2020, Gilliam sustained an injury to her left shoulder and wrist as a result of her employment. A physician selected by the Wake County Sheriff's Office subsequently restricted her to "Right Hand Work Only." [DE 6 at 4]. An MRI on February 24, 2021, revealed that Gilliam had a fully torn rotator cuff, and Gilliam underwent surgery to repair the injury on May 7, 2021. [DE 6 at 6]. Plaintiff alleges that the surgery was successful, and that she was returned to full duty on December 1, 2021. [DE 6 at 6]. Then, after thirty-one weeks of performing at full duty, she alleges that her doctor inappropriately restricted her to "no overhead lifting over 10 [pounds]." [DE 6 at 7]. Gilliam alleges that the Wake County Sheriff's Office

"stripped Plaintiff of her Master Detention Officer Title without justification in some elaborate and sophisticated plan to recoup money spent on her workers compensation injury," and that doing so would "save the County a lot of money over the course of her career and retirement." [DE 6 at 9].

Plaintiff filed a complaint with the Equal Employment Opportunity Commission, and received a right-to-sue letter on October 5, 2023. [DE 6 at 4]. Plaintiff then brought the present suit, seeking relief for alleged violations of the Americans with Disabilities Act caused by Defendants' disparate treatment of her, failure to accommodate her disability, and retaliation against her. [DE 6 at 8–11]. In response, both Defendant WCBC and Defendant WCSO have filed motions to dismiss.

## ANALYSIS

A motion for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. *See* Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard does not require detailed factual allegations, *ACA Fin. Guar. Corp. v. City of Buena Vista, Virginia*, 917 F.3d 206, 212 (4th Cir. 2019), but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). For a claim to be plausible, its factual content

2

must allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Although the court accepts the factual allegations as true, the court does not accept the complaint's legal conclusions, so "simply reciting the cause of actions' elements and supporting them by conclusory statements does not meet the required standard." *ACA Financial Guaranty Corporation*, 917 F.3d at 212.

## I. Plaintiff Gilliam has not alleged facts adequate to support her claim against WCBC.

Defendant Wake County Board of Commissioners has moved to dismiss the complaint, arguing that the plaintiff has erroneously confused the Wake County Sheriff's Office with the Wake County Board of Commissioners. [DE 21 at 5]. Conversely, Plaintiff Gilliam alleges that the WCBC "has a financial, legal, and fiduciary responsibility for the actions of WCSO." [DE 6 at 2].

The law in North Carolina is clear. The WCBC is a legal entity created by the North Carolina General Assembly, separate and apart from the WCSO, which is an office created by the North Carolina Constitution. *See McCormac v. Robeson Cnty. Comm'rs*, 90 N.C. 441, 444–45 (1884); N.C. CONST. art. VII, § 2. "In North Carolina, the Office of Sheriff is a legal entity, established by the state constitution and state statutes, separate and distinct from the Board of County Commissioners because a sheriff is elected by the people, not employed by the county." *Little v. Smith*, 114 F. Supp. 2d 437 (W.D.N.C. 2000) (citing N.C. Gen. Stat. § 162-1). In North Carolina, deputy sheriffs and jailors are not employees of the County, but only employees of the Sheriff's Office of a county. *Peele v. Provident Mut. Life Ins. Co.*, 368 S.E.2d 892, 893–94 (N.C. App. 1988).

Here, the record shows that Plaintiff Gilliam was only ever an employee of the Wake County Sheriff's Office. [DE 6 at 4–8]. Because the WCSO and WCBC are legally separate and

3

distinct entities within North Carolina, Plaintiff has not alleged facts sufficient to make out a claim against the Wake County Board of Commissioners. Accordingly, dismissal of the claims against the WCBC is proper.

## II. Defendant WCSO is not a legal entity that is capable of being sued.

Defendant Wake County Sheriff's Office has moved to dismiss the complaint, arguing that the Sheriff's office is not a legal entity that is capable of being sued in federal court.

"State law dictates whether a governmental agency has the capacity to be sued in federal court." *Efird v. Riley*, 342 F. Supp. 2d 413, 420 (M.D.N.C. 2004). There is no state statute authorizing suit against a North Carolina sheriff's office, and, as such, a sheriff's office is not a legal entity that can be sued under North Carolina law. *See, e.g., Hargett v. Forsyth Cnty. Sheriff's Office*, 2005 WL 4542859, at *2 (M.D.N.C. 2005), *aff'd* 172 Fed. App'x 27 (4th Cir. 2006); *Parker v. Bladen Cnty.*, 583 F. Supp. 2d 736, 740 (E.D.N.C. 2008). As such, dismissal of the claims against the Wake County Sheriff's Office is appropriate.

## III. Justice does not require that Plaintiff be given leave to file an amended complaint.

Plaintiff did not file timely Responses to Defendants' motions to dismiss. Instead, after a delay of over a month, Plaintiff filed an untimely motion for leave to file an amended complaint on September 27, 2024. [DE 24]. This motion did not include a copy of the amended complaint as required by Local Civil Rule 15.1, and the proposed amended complaint was only filed on December 13, 2024. [DE 29]. In the amended complaint, Plaintiff seeks to add as defendants Wake County Sheriff Willie Rowe, Wake County Sheriff Gerald Baker, Wake County Sheriff's Attorney Robert Lane, and Wake County Attorney Jennifer Jones. [DE 29].

Under Federal Rule of Civil Procedure 15(a), leave to amend a pleading "shall be freely given when justice so requires." Delay alone is typically not enough to merit denying a motion to

4

amend—instead, the delay must be accompanied by prejudice, bad faith, or futility. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509–10 (4th Cir. 1986). Such circumstances appear here.

In this motion, Plaintiff does not identify any grounds whatsoever meriting permission to refile. [DE 29]. Instead, Plaintiff seeks to add claims against Wake County Sheriffs Willie Rowe and Gerald Baker—defendants who have never before been identified or referenced in Plaintiff's filings. While Plaintiff claims that Fed. R. Civ. P. 15(c)(3) permits the naming of these new defendants to relate back to the original complaint, the Fourth Circuit disagrees—instead, the rule "permits an amendment to relate back only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake, but it does not permit relation back where, as here, there is a lack of knowledge of the proper party." *Western Contracting Corp. v. Bechtel Corp.*, 885 F.2d 1196, 1201 (4th Cir. 1989). Here, the only original defendants identified by Plaintiff Gilliam were the Wake County Detention Center, DE 2, and the Wake County Sheriff's Office, DE 6. There are no facts supporting the contention that Willie Rowe and Gerald Baker knew that they would be the properly named parties, but for Plaintiff's error. *See id.* ("The rule requires not only notice of the institution of an action but also notice of the possibility that the putative new defendant may be a defendant in that action.") Permitting the refiling of the complaint here would be both futile and prejudicial to the defendants.

Further, Plaintiff seeks to add claims against the defendants' attorneys for conspiracy to interfere with civil rights in violation of 42 U.S.C. § 1985.[1] Legal representation, by itself, is categorically insufficient to establish a § 1985 conspiracy claim. *See, e.g., Farese v. Scherer*, 342

---

[1] The Court notes that Wake County Sheriff's Office Attorney Robert Lane has sent a letter [DE 28-1] to Plaintiff's counsel threatening to file a Rule 11 motion with this Court. As this order dismisses the case outright, the Court declines to address any Rule 11 arguments.

5

F.3d 1223, 1232 (11th Cir. 2003); *Heffernan v. Hunter*, 189 F.3d 405, 413 (3d Cir. 1999). Plaintiff does not allege facts in either her original or amended complaints to evince conduct by the Defendant Attorneys that exceeds the scope of typical representation. [DE 29 at 15]. The Fourth Circuit has emphasized the difficulty of alleging a § 1985 conspiracy claim against attorneys working within the scope of their legal employment, stating that the Fourth Circuit has "rarely, if ever, found that a plaintiff has set forth sufficient facts to establish a section 1985 conspiracy." *Simmons v. Poe*, 47 F.3d 1370, 1377 (4th Cir. 1995). Allowing the plaintiff to add claims against the defendants' attorneys would be futile and prejudicial to both the currently named defendants and their attorneys who seek to perform their professional duties.

For these reasons, justice does not require that Plaintiff Gilliam be given leave to file an amended complaint, and such leave shall not be given here.

## CONCLUSION

For the foregoing reasons, Defendant Wake County Board of Commissioners' Motion to Dismiss [DE 20] is GRANTED. Defendant Wake County Sheriff's Office's Motion to dismiss [DE 22] is likewise GRANTED. Defendant Gilliam's motion for leave to file a document [DE 24] is DENIED.

This case is DISMISSED, and the clerk is DIRECTED to close the case.

SO ORDERED, this 29 day of January 2025.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6